IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARRELL BRISTER,**

    **Petitioner,**

    **v.**

**BENNIE KELLY, WARDEN,
GRAFTON CORRECTIONAL
INSTITUTION,**

    **Respondent.**

**CASE NO. 2:14-CV-2024
Chief Judge Sargus
Magistrate Judge King**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, ECF No. 1, Respondent's *Return of Writ,* ECF No. 7, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History**

The Ohio Fifth District Court of Appeals summarized the relevant procedural history of this case as follows:

> Appellant, Darrell Brister, appeals from two trial court entries both dated May 15, 2013. On April 23, 2013, Appellant filed a "Motion to Correct Void Sentence" with the trial court. In response to the motion, the trial court issued two entries. One of the entries grants in part and denies in part Appellant's "Motion to Correct Void Sentence." The second entry is a "Nunc Pro Tunc Judgment Entry of Sentence."
>
> Appellant was found guilty of murder with a firearm specification by a jury in 2004. He appealed his conviction and sentence to this Court which was affirmed by this Court in 2005.
>
> When Appellant was sentenced in 2004, the trial court imposed a mandatory term of post release control. In his "Motion to Correct

Void Sentence," Appellant argued the trial court erred in imposing a term of post release control because Appellant had been convicted of murder which is an unclassified felony to which post release control is inapplicable.

The trial court agreed in part with Appellant and issued a "Nunc Pro Tunc" sentencing entry deleting the reference to post release control. The trial court denied Appellant's request for a de novo sentencing hearing. A timely notice of appeal was filed from the May 15, 2013 entries.

Counsel for Appellant has filed a motion to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

Counsel for Appellant has filed a brief with one proposed assignment of error. Appellant has also filed a pro se brief raising an additional assignment of error. The assignments of error are as follows:

I.

"THE TRIAL COURT ERRED WHEN IT RESENTENCED APPELLANT"

II.

"THE TRIAL COURT IMPROPERLY REMOVED POST–RELEASE CONTROL WITHOUT THE DEFENDANT BEING PRESENT, IN VIOLATION OF R.C. 2929.121, R.C. 2967.28, CRIM. R. 36, AND CRIM. R. 43"

2

*State v. Brister,* No. 13CA21, 2013 WL 6918861, at *1 (Ohio App. 5th Dist. Dec. 17, 2013). On December 17, 2013, the appellate court affirmed the judgment of the trial court. *Id.* On May 14, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Brister*, 138 OhioSt.3d 1493 (Ohio 2014).

On October 23, 2014, Petitioner filed the *Petition,* alleging as follows:

> The trial court erred to the prejudice of Petitioner, when it improperly resentenced the Petitioner by removing post-release control without his presence in court and when the Fifth Appellate District affirmed that failure, in violation of the Sixth Amendment, Crim. R. 43 Crim. R. 36, O.R.C. 2929.191, and 2967.28. Petitioner must be remanded so that he may appear before the Court as is his statutory and constitutional right.

Petitioner argues that he was denied his right to be present at a critical stage of the proceedings when the trial court issued its *nunc pro tunc* entry removing the term of post release control. Respondent contends that this claim offers no basis for federal habeas corpus relief.

**Standard of Review**

Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court recently described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow,* ––– U.S. ––––, ––––, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter,* 562 U.S.786, ––––, 131 S.Ct. 770, 786 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and

demands that state-court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

> The factual findings of the state appellate court are presumed to be correct:
>
>> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1); *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)). *See also* 28 U.S.C. § 2254(d)(2) (a petitioner must show that the state court relied on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). The United States Court of Appeals for the Sixth Circuit explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

4

*Coley*, 706 F.3d at 748-49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, –––U.S. ––––, ––––, 131 S.Ct. 1388, 1398 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21, (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade,* 538 U.S. 63, 76 (2003)). *See also Harrington v. Richter*, 131 S.Ct. at 786 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d)(1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. "'[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence.' " *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*)). *See also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Moreover, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a federal habeas court must review the state court's decision based solely on the record that was before the state court at the time that it rendered its decision. *Pinholster,* 131 S.Ct. at 1398. Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 1399.

**Discussion**

The state appellate court rejected Petitioner's claim as follows:

> Both counsel and Appellant argue Appellant's sentence should have been vacated in its entirety. Appellant further argues he should have been physically present to receive a new sentence rather than the trial court issuing a nunc pro tunc entry. Finally, counsel for Appellant argues Appellant should have received a new trial after the sentence was vacated.
>
> The Ohio Supreme Court has explained when a problem exists in a sentencing entry related to post release control, "It is only the post release-control aspect of the sentence that is void and that must be rectified." *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332.
>
> Appellant's sole basis for suggesting his sentence was void was the fact that post release control was improperly imposed for Appellant's murder conviction and sentence. The only issue presented to the trial court was the contention that post release control is inapplicable to a murder conviction because it is an unclassified felony. "[A]n individual sentenced for aggravated murder . . . is not subject to post release control, because that crime is an unclassified felony to which the post release-control statute does not apply. R.C. 2967.28." *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462.
>
> The trial court did err in 2004 when it included post release control as a term of Appellant's sentence. Because the only alleged error in the sentence is post release control, we find only the post release control portion of Appellant's 2004 sentence was subject to change.
>
> The question before us is whether the trial court was required to conduct a new sentencing hearing to remove the improperly imposed term of post release control. Other courts have held a new hearing is unnecessary.
>
> In a case similar to the case at bar, the Tenth District explained, "It is not disputed that appellant was convicted of murder, which is an unclassified felony to which the post-release control statute does not apply. *Clark, supra*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008–Ohio–3748, ¶ 36; *State v. Gripper*, 10th Dist. No. 10AP–1186, 2011–Ohio–3656, ¶ 10. Accordingly, the inclusion of post-release control language in appellant's sentencing entry was in

error. It is appellant's position that this renders his entire sentence void and that a *de novo* sentencing hearing is required to correct this error. We disagree. * * *

In the case *sub judice*, the trial court included post-release control language in appellant's sentence even though appellant was convicted of murder, an unclassified felony. Pursuant to *Fischer*, and also *Evans* and *Lawrence*, it is clear that this does not render appellant's entire sentence void, nor does it require a *de novo* sentencing hearing. Moreover, the record reflects that the superfluous post-release control language has been removed from the sentencing entry pursuant to the judgment entry filed on March 17, 2011." *State v. Silguero*, 10th Dist. Franklin No. 11AP–274, 2011–Ohio–6293.

The legislature has provided in R.C. 2929.191 an avenue to correct post release control in certain situations such as where the sentencing entry conflicts with the oral pronouncement or where the term of post release control was omitted. The statute, however, does not address a scenario where the term of post release control was improperly included.

In approving the use of a nunc pro tunc entry to correct the erroneous inclusion of post release control, the Eighth District held, "[Th]e instant matter presents none of the three scenarios outlined in R.C. 2929.191(A) or (B), set forth above. The trial court did not fail to notify defendant that he would be subject to post-release control, did not fail to notify him that the parole board could impose a prison term for a violation of post release control, and did not fail to have statutorily mandated notices incorporated into his sentencing entries. R.C. 2929.191(A) and (B). We therefore conclude that R.C. 2929.191 and *Singleton* are inapplicable herein.

Further, with regard to whether the trial court employed a correct procedure in entering a nunc pro tunc deletion of the post release control provision, we note that a trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth. *State v. Greulich*, 61 Ohio App.3d 22, 24, 572 N.E.2d 132 (9th Dist.1988)." *State v. Rolling,* 8th Dist. Cuyahoga No. 95473, 2011–Ohio–121.

Based upon the foregoing, we find the trial court did not err in issuing a nunc pro tunc entry removing the improperly imposed term of post release control. Finally, there is no authority for

7

>counsel's bare assertion that a new trial is required when a term of post release control has been improperly imposed.

*State v. Brister*, 2013 WL 6918861, at *2-3.

The crux of Petitioner's claim – that Ohio law mandated the trial court to conduct a new sentencing hearing before issuing a *nunc pro tunc* order correcting the improper imposition of post release control – presents an issue regarding the interpretation of state law, which fails to present a basis for federal habeas corpus relief.

A federal court may review a state prisoner's habeas corpus petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988)). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988)). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985).

To the extent that Petitioner presented to the state courts his federal claim regarding the denial of his right to be present at the time of the trial court's issuance of the *nunc pro tunc* entry, this claim likewise fails to warrant relief.

>The Constitution guarantees a criminal defendant the right to be present at trial. *U.S. v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985).
>
>But the right is not absolute. Rather, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to the outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). "[T]his privilege of

> presence is not guaranteed 'when presence would be useless, or the benefit but a shadow.' " *Id.* (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–106, 54 S.Ct. 330, 78 L.Ed. 674 (1934)).

*Bryan v. Bobby,* No. 1:11-cv-60, 2015 WL 4394371, at *66 (N.D. Ohio July 16, 2015). Petitioner had no constitutional right to be present because the issuance of the *nunc pro tunc* judgment entry does not constitute a critical stage of the criminal proceedings. *See Johnson v. Warden, Lebanon Correctional Inst.*, No. 1:12-cv-560, 2014 WL 935222, at *9 (S.D. Ohio March 10, 2014)(citing *Jimenez v. Janda,* No. CV 12–06701–JST (MLG), 2013 WL 1658543, at *5 (S.D.Cal. Jan. 23, 2013)(*Report and Recommendation*), *adopted*, 2013 WL 1387288 (S.D.Cal. Apr. 4, 2013); *Martin v. Hall*, No. 1:09–cv–378, 2010 WL 8435571, at *13–I4 (Mar. 31, 2010 N.D. Ohio) (*Report and Recommendation*), *adopted*, 2012 WL 601912 (N.D.Ohio Feb. 23, 2012); *Kleparek v. Fla.,* No. 08–60876–Civ., 2009 WL 6621465, at *12 (Aug. 17, 2009 S.D. Fla).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
November 13, 2015